IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Direct Imaging Systems, Inc.<br>A Florida Corporation<br><br>Plaintiff,<br><br>v.<br><br>U.S. Graphic Arts, Inc.<br>An Arizona Corporation, d/b/a<br>U.S. Screen Printing Institute<br><br>Defendant. | Case No. _____. |

## COMPLAINT AND JURY DEMAND
## INJUNCTIVE RELIEF SOUGHT

Plaintiff, Direct Imaging Systems, Inc., by and through its undersigned attorneys, alleges, upon information and belief, as follows:

### THE PARTIES

1. Plaintiff, Direct Imaging Systems, Inc., is a corporation incorporated under the laws of the State of Florida, having its principal place of business in the State of Florida, and having an office at 504 Lakeside Drive, Bradenton, Florida 34210.

2. Upon information and belief, Defendant, U.S. Graphic Arts, Inc., is a corporation incorporated under the laws of the State of Arizona and does business as U.S. Screen Printing Institute.

3. Upon information and belief, Defendant U.S. Graphic Arts, Inc. has a principal place of business in the State of Arizona with an office at 1901 E. 5TH Street Tempe, Arizona.

4. This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq.*

5. Jurisdiction of this action arises under 28 U.S.C. §1338(a). Venue is predicated under 28 U.S.C. §1391(c).

## COUNT I
### (Patent Infringement)

6. On August 1, 2000, United States Patent Number 6,095,628 (hereinafter the '628 Patent) entitled "Apparatus for Ink Jet Printing" was duly and regularly issued to Matthew Rhome of Bradenton, Florida, a copy of the aforesaid patent is attached hereto as Exhibit "A".

7. Plaintiff is the owner by assignment of the '628 Patent and of all rights thereto and thereunder.

8. Upon information and belief, Defendant has infringed the claims of the '628 Patent by having made, used or sold ink jet printing devices that duly embody the invention as claimed therein; such infringement was willful and deliberate; the infringement by Defendant of said Plaintiff's patent has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

9. The Plaintiff has been damaged by the acts of infringement complained

of herein.

10. The Plaintiff has no adequate remedy without the intervention of this Court.

11. This case is "exceptional" within the meaning of 35 USC § 285.

WHEREFORE, Plaintiff prays that:

A. An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of Plaintiff's '628 Patent.

B. Defendant be required to account to Plaintiff for the damages recoverable by Plaintiff under 35 U.S.C. §284 as a result of the wrongful making, using, and selling of Plaintiff's invention as claimed in Plaintiff's Patent '628, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

C. Plaintiff be awarded reasonable attorney fees;

D. Plaintiff be allowed its costs; and

E. Such other and further relief be granted to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

_____
Stefan V. Stein
Florida Bar Number 300527
Trial Counsel
Harvey S. Kauget
Florida Bar No. 116254
Michael J. Colitz, III
Florida Bar Number 164348
HOLLAND & KNIGHT LLP
Suite 4100
100 N. Tampa Street
Post Office Box 1288
Tampa, Florida 33601-1288
Telephone: 813/227-8500
Facsimile: 813/229-0134
stefan.stein@hklaw.com
harvey.kauget@hklaw.com
michael.colitz@hklaw.com

# 3258077_v3