**MICHAEL GERITY (STATE BAR # 015750)**
**ISRAEL & GERITY, PLLC**
3300 NORTH CENTRAL AVENUE, SUITE 2000
PHOENIX, ARIZONA 85012
TELEPHONE: (602) 274-4400
FACSIMILE: (602) 274-4401
MGERITY@IG-LAW.COM

**APPEARING PRO HAC VICE AS ATTORNEYS FOR DEFENDANT/COUNTERCLAIMANT**

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DIRECT IMAGING SYSTEMS, INC.
A Florida corporation,

    Plaintiff,

v.

U.S. GRAPHIC ARTS, INC., An Arizona Corporation, d/b/a U.S. Screen Printing Institute,

    Defendant.

**CASE NO.: 8:05CV2224-TC24 TGW**

## ANSWER AND COUNTERCLAIM

Defendant, U.S. Graphic Arts, Inc., for its Answer to Plaintiff Direct Imaging Systems, Inc.'s Complaint, hereby alleges as follows:

### THE PARTIES

1. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. In answering Paragraph 4 of the Complaint, Defendant admits only that Plaintiff's claims set forth allegations that, if true, would arise under the patent laws of the United States. Defendant is without sufficient knowledge or information to form a belief

as to any remaining allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5. As set forth in its Motion to Dismiss, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. In answering Paragraph 6 of the Complaint, Defendant admits only that a copy of U.S. Patent No. 6,095,628 (the "'628 Patent") was attached to the Complaint as Exhibit A. Defendant denies that the '628 Patent was legally and properly issued. Defendant is without sufficient knowledge or information to form a belief as to any remaining allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

## COUNT I
### (Patent Infringement)

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

## COUNT II
### (Contributory Infringement and Inducement to Infringe)

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYERS FOR RELIEF

19. Defendant denies that the Plaintiff is entitled to be awarded any of the relief sought in the Plaintiff's prayers for relief.

## GENERAL DENIAL

20. Defendant denies any allegations contained in the Complaint that are not specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

22. Upon information and belief, the '628 patent is invalid and unenforceable under one or more of the following sections of Title 35 of the United States Code: 101, 102, 103, 112, and/or 132.

## THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's Complaint fails to allege any facts supporting a preliminary injunction.

3

## FOURTH AFFIRMATIVE DEFENSE

24. Upon information and belief, Plaintiff's claims of patent infringement, contributory infringement, and inducement are barred, either in whole or in part, by the equitable doctrines of laches and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims for relief are barred by unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred in whole or in part by the statue of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by license, consent, acquiescence, and waiver.

## EIGHTH AFFIRMATIVE DEFENSE

28. Defendant a has not knowingly or intentionally waived any applicable affirmative defenses. If any other matters constituting an avoidance or affirmative defense are revealed in the course of discovery, Defendant will seek leave of the Court at that time to amend this Answer to assert that defense.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant U.S. Graphic Arts, Inc., hereby alleges its Counterclaims against Plaintiff and Counterdefendant Direct Imaging Systems, Inc., as follows:

## THE PARTIES

1. Counterclaimant is an Arizona corporation with its principal place of business at 1901 East 5th Street, Tempe, Arizona.

2. As alleged in its Complaint, Counterdefendant is a Florida corporation with its principal place of business at 504 Lakeside Drive, Bradenton, Florida.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, title 35 of the United States Code.

4

4.     As alleged in the Complaint, this Court has jurisdiction on this matter pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     Counterdefendant is subject to personal jurisdiction in this judicial District by virtue of having filed its Complaint here, and by its allegation that it resides here.

6.     Venue is proper in this judicial District by virtue of Counterdefendant having fled its Complaint here, and further pursuant to 28 U.S.C. § 1391, as alleged in its Complaint.

7.     An actual controversy exists under the Declaratory Judgment Act because the Plaintiff contends, and Defendant denies, infringement of Plaintiff's patent rights under the '628 Patent.

## COUNT I
### (Declaration of Non-Infringement)

8.     Counterclaimant realleges and incorporates by reference the allegations set forth in each of the above Paragraphs of the Answer and Counterclaims as if set forth in full herein.

9.     Counterdefendant has accused Counterclaimant of infringing the '628 Patent.

10.    Counterclaimant does not make, use, sell, or offer to sell in the United States or import into the United States any product infringing the '628 patent, either literally or under the doctrine of equivalents.

11.    An actual and justiciable controversy exists between the parties as to non-infringement of the '628 Patent, as evidenced by the Complaint filed by Counterdefendant and the present Answer and Affirmative Defenses field by Counterclaimant.

12.    It is necessary and appropriate that the controversy between the parties over the non-infringement of the '628 Patent be resolved in a single proceeding with binding effect on all parties.

5

13.     Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Counterclaimant seeks a declaration from this Court that it has not and does not infringe the '628 Patent, either literally or under the doctrine of equivalents.

## COUNT II
### (Declaration of Invalidity)

14.     Counterclaimant realleges and incorporates by reference the allegations set forth in each of the above Paragraphs of the Answer and Counterclaims as if set forth in full herein.

15.     Upon information and belief, the claims of the '628 Patent are invalid and unenforceable under 35 U.S.C. § 101, 102, 103, and/or 112.

16.     An actual and justiciable controversy exists between the parties as to the invalidity and unenforceability of the '628 Patent, as evidenced by the Complaint filed by Counterdefendant and the present Answer and Affirmative Defenses filed by Counterclaimant.

17.     It is necessary and appropriate that the controversy between the parties of the invalidity and unenforceability of the '628 Patent be resolved in a single proceeding with binding effect on all parties.

18.     Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Counterclaimant seeks a declaration form this Court that the '628 Patent is invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant prays for entry of judgment in its favor on both Plaintiff's Complaint and on the Counterclaims and prays:

A.      For denial of each and every one of Plaintiff's Prayers for Relief.

B.      For dismissal of Plaintiff's Complaint with prejudice, and that Plaintiff shall take nothing against Defendant by the Complaint.

C.      For a preliminary and permanent injunctions enjoining Plaintiff or any person or entity in privity with Plaintiff from charging or asserting infringement of any claims of the '628 Patent.

6

ISRAEL & GERITY, P.L.L.C.
3300 NORTH CENTRAL AVENUE, SUITE 2000
PHOENIX, ARIZONA 85012
(602) 274-4400/FAX: (602) 274-4401

D. For a declaration that the '628 Patent is invalid and unenforceable.

E. For a declaration that Defendant/Counterclaimant does not infringe the '628 Patent, either literally or under the doctrine of equivalents.

F. For a judicial determination, pursuant to 35 U.S.C. §285, that Plaintiff's conduct renders this case as exceptional and that Defendant/Counterclaimant be awarded its attorneys' fees and costs.

D. For an award of Defendant/Counterclaimant's costs and expenses; and

E. For any other such relief as this Court deems just and proper.

## JURY DEMAND

Defendant/Counterclaimant hereby demands that this cause be tried by a jury.

DATED this 1st day of August, 2006.

ISRAEL & GERITY, PLLC


By: /s/ Michael Gerity
    Michael Gerity, Bar No. 015750
    Israel & Gerity, PLLC
    3300 North Central Avenue
    Suite 2000
    Phoenix, Arizona 85012
    (602) 274-4400
    (602) 274-4401 (fax)
    mgerity@ig-law.com

Collins Guyton, Bar No. 934623
Rywant, Alvarez, Jones, Russo & Guyton, P.A.
109 N. Brush Street, Suite 500
Tampa, FL 33602
(813) 229-7007
(813) 223-6544 (fax)

Attorneys for Defendant/Counterclaimant
U.S. GRAPHIC ARTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically via CM/ECF to Stefan V. Stein, Esquire, Holland & Knight, LLP, Suite 4100, 100 North Tampa Street, Tampa, FL 33602 this 1st day of August, 2006.

/s/ Michael Gerity
Michael Gerity, Bar No. 015750
Israel & Gerity, PLLC
3300 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 274-4400
(602) 274-4401 (fax)
mgerity@ig-law.com

Attorneys for Defendant/Counterclaimant U.S. Graphic Arts, Inc.