**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DIRECT IMAGING SYSTEMS, INC.

                    Plaintiff,

-vs-                                                          Case No.  8:05-cv-2224-T-24-TGW

U.S. GRAPHIC ARTS, INC.,

                    Defendant.

_____/

## O R D E R

  This cause comes before the Court on Defendant U.S. Graphic Arts, Inc.'s Motion for

Stay of Proceedings.  (Doc. No. 21).  Defendant requests that the Court stay this litigation

pending the outcome of a re-examination proceeding before the U.S. Patent and Trademark

Office ("PTO").  Plaintiff Direct Imaging Systems, Inc. opposes this motion, arguing that the

requested stay is untimely and will unduly prejudice Plaintiff.  (Doc. No. 23.)

**I.  Background**

  Plaintiff filed suit against Defendant on December 6, 2005, alleging patent infringement,

contributory infringement, and inducement to infringe.  (Doc. Nos. 1, 4.)  Plaintiff, a Florida

corporation, is the owner by assignment of U.S. Patent Number 6,095,628 ("the 628 Patent"),

entitled "Apparatus for Ink Jet Printing."  Plaintiff's apparatus allows images to be printed on

clothing with ink jet printers, thereby doing away with screen printing assemblies.  Plaintiff

alleges that Defendant has infringed upon the 628 Patent by having made, used, or sold ink jet

printing devices that embody the 628 Patent.  Defendant sells its garment printers under the "T-

Jet" trademark.

On August 1, 2006, Defendant filed an Answer and a Counterclaim against Plaintiff. (Doc. No. 15.)  In its Counterclaim, Defendant seeks a declaratory judgment of non-infringement and a declaration that the 628 Patent is invalid.

On September 8, 2006, Defendant sought re-examination of the 628 Patent with the PTO by filing a "Request for Ex Parte Re-examination."  (Doc. No. 22, Ex. A.)  The PTO granted that request on October 23, 2006.  (*Id.* at Ex. B.)  In granting the request for re-examination, the PTO directed Plaintiff to file a statement within two months and directed Defendant to file a reply to Plaintiff's statement within two months of the date of service of Plaintiff's statement.

In accordance with the Court's Case Management and Scheduling Order entered July 31, 2006, this case is set for a jury trial on the Court's October 2007 trial calendar.  (Doc. No. 14.) The discovery deadline is May 1, 2007, and the parties are currently engaged in discovery.

## II.    Discussion

"It is entirely within the discretion of the district court to order a stay pending conclusion of a reexamination by the PTO."  *Lentek Int'l v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001) (citing *Ethicon Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988)). Reexamination of patent validity is authorized by 35 U.S.C. § 301, *et seq*., and "the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office." *Lentek Int'l,* 169 F. Supp. 2d at 1362.  "[O]ne purpose of the reexamination procedure is to eliminate trial of [the patent validity] issue . . . or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination

2

proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

In determining whether to stay litigation pending reexamination by the PTO, courts consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will lessen the burden of litigation. *Tap Pharm. Prods. v. Atrix Labs., Inc.*, No. 03-7822, 2004 U.S. Dist. LEXIS 3684, at *4 (N.D. Ill. Mar. 4, 2005). The Court finds that each of these factors weighs in favor of staying this proceeding.

### A.   Whether a Stay Will Unduly Prejudice or Present Disadvantage to Non-Moving Party

Defendant argues that a stay in this matter will not prejudice Plaintiff because Plaintiff will be provided a full opportunity to present its position on the validity of the 628 Patent before the PTO, which is best suited to consider that issue. In response, Plaintiff argues that the "shoddy and substandard nature" of Defendant's T-Jet products is doing immeasurable damage to the market for Plaintiff's technology. Plaintiff asserts that Defendant's substandard products have resulted in "legions of disgruntled consumers who are likely turning away from Plaintiff's patented technology in favor of more traditional screen printing technologies." Recently, Plaintiff discovered that one of those dissatisfied customers created a website to expose problems with Defendant's T-Jet products. Plaintiff filed a print-out from the website, www.TJetSUCKS.com, where T-Jet consumers have posted their complaints. (Doc. No. 23, Ex. A.)

Furthermore, Plaintiff argues that Defendant is using its reexamination request as a litigation tactic. Plaintiff asserts that Defendant improperly delayed the filing of its reexamination request until nine months after this suit was filed, even though Defendant was

3

aware of Plaintiff's infringement accusations as early as October of 2004.  In support, Plaintiff

filed Defendant's Answers to Plaintiff's Interrogatories in which Defendant admits receiving a

cease and desist letter regarding the 628 Patent in October of 2004.  (Doc. No. 23, Ex. B.)

       The Court is sympathetic to Plaintiff's concern that Defendant's products are damaging

the marketplace for the ink jet technology; however, Plaintiff has merely demonstrated that a

handful of consumers are dissatisfied with T-Jet products.  Plaintiff has not shown widespread

dissatisfaction or that consumers are turning away from Plaintiff's technology in favor of

traditional screen printing.  Furthermore, the Court rejects Plaintiff's argument that Defendant

improperly delayed in seeking reexamination.  Defendant was not served in this case until March

23, 2006.  (Doc. No. 6.)  The Court denied Defendant's Motion to Dismiss on July 7, 2006, and

two months later, on September 8, 2006, Defendant filed for reexamination before the PTO.

(Doc. No. 12, Doc. No. 22, Ex. A.)  Accordingly, the Court concludes that Plaintiff has not

demonstrated that it will suffer prejudice or be disadvantaged by the stay.

       **B.**      **Whether a Stay Will Simplify the Issues and Streamline the Trial**

       Defendant argues that a stay will streamline the issues, the discovery, and the trial in this

case because the reexamination by the PTO will result in a finding that the patent is either

invalid, which would result in a dismissal of this suit, or that the patent is valid or partially valid,

which would limit the issues to be litigated.  Plaintiff responds that waiting for the results of the

PTO's reexamination will not streamline the case because the 628 Patent is already

straightforward and uncomplicated.  Plaintiff argues that, because the apparatus at issue is a

relatively simple mechanical invention, the PTO will not bring any unique technical expertise

that will assist the Court in assessing the validity of the patent.

As the Federal Circuit has explained, "one purpose of the reexamination procedure is to eliminate trial of [the validity issue] or facilitate trial of that issue by providing the district court with the expert view of the PTO." *Gould*, 705 F.2d at 1342. "Generally speaking, the PTO invalidates 10% of the patents it reexamines and amends the claims in 64%." *Tap Pharm. Prods.*, No. 03-7822, 2004 U.S. Dist. LEXIS 3684, at *6. "If these proceedings are not stayed, there is a substantial risk of expending substantial resources on trying the validity of patent claims that may ultimately be cancelled or amended by the PTO." *Id.* A stay will allow both the parties and the Court to take advantage of the PTO's expert analysis of the 628 Patent and may limit or narrow the remaining issues to be litigated. Accordingly, the Court concludes that this factor weighs in favor of granting the requested stay.

### C.   Whether a Stay Will Lessen the Burden of Litigation

Finally, Defendant argues that this case is in the early stages of litigation and that the parties have only engaged in written discovery. Defendant asserts that the parties have not yet incurred substantial litigation-related expenses in this matter, and a stay will avoid the simultaneous litigation of the same validity issues before two separate forums. In response, Plaintiff argues that the PTO's review will not streamline these proceedings or reduce the burden of litigation because the apparatus is a simple invention and the patent itself is uncomplicated and straightforward.

Again, the Court concludes that there is a substantial chance that the PTO will either invalidate the 628 Patent or drastically limit its scope. This creates a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings. Especially because the parties are still in the discovery stage of

litigation, a stay will allow the parties to conserve time and resources.  Therefore, the Court concludes that this factor also weighs in favor of granting the requested stay.

## III.    Conclusion

Having considered Defendant's Motion and Plaintiff's Opposition, and being otherwise fully advised, the Court concludes that a stay of this proceeding pending the completion of the PTO's reexamination of the 628 Patent is appropriate.  Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)    Defendant's Motion for Stay of Proceedings (Doc. No. 21) is **GRANTED**;

(2)    The Clerk shall **ADMINISTRATIVELY CLOSE** this case;

(3)    Upon resolution of the reexamination proceedings by the U.S. Patent and Trademark Office, Plaintiff may re-institute this case to active status upon proper motion.  If this suit is resolved by the reexamination proceedings, Plaintiff shall promptly move for dismissal of this case.

(4)    Plaintiff is directed to file and serve, on or before September 1, 2007 and every six months thereafter, a report informing the Court of the status of the reexamination proceedings.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of March, 2007.


Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

6