IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECT IMAGING SYSTEMS, INC.,
a Florida Corporation,                              Case No. 8:05CV2224-TC24 TGW

    Plaintiff/Counter- Defendant,

v.

US. GRAPHIC ARTS, INC.,
an Arizona Corporation, d/b/a
US. SCREEN PRINTING INSTITUTE,

    Defendant/Counter- Plaintiff.
_____/

**PLAINTIFF'S (1) MOTION FOR ENTRY OF A DEFAULT JUDGMENT,
(2) MOTION FOR ENTRY OF A PERMANENT INJUNCTION,
(3) MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS,
(4) REQUEST FOR LEAVE TO CONDUCT LIMITED THIRD-PARTY
DISCOVERY RELATING TO DAMAGES AND
INCORPORATED MEMORANDUM OF LAW**

Pursuant to this Court's Order allowing Defendant's counsel to withdraw [Dkt. 56], and Fed. R. Civ. P. 55, Plaintiff moves the Court to enter a default judgment against Defendant U.S. Graphic Arts, Inc. for its failure to defend itself. Plaintiff also request a permanent injunction be entered against Defendant. Plaintiff also moves to strike Defendant's counterclaims. Finally, Plaintiff requests leave to conduct limited discovery to quantify its damages.

**Legal Background**

Where, as here, a Defendant does not participate in the litigation, default judgment is appropriate. *See* Fed. R. Civ. P. 55(a); *DirecTV, Inc. v. Griffin,* 290 F.Supp.2d 1340, 1343 (M.D.Fla.2003). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment,

1

and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation and citation omitted).

**Procedural History**

On December 6, 2005, Direct Imaging filed this patent-infringement lawsuit concerning U.S. Patent No. 6,095,628 entitled "Apparatus for Ink Jet Printing." Defendant appeared and unsuccessfully sought dismissal for lack of personal jurisdiction. [Dkt. 12]. Defendant then filed an answer and counterclaim, asking for declarations that the '628 patent was invalid and not infringed. [Dkt. 15]. Shortly thereafter, Defendant asked the U.S. Patent and Trademark Office to reexamine the '628 Patent, and asked this Court to stay these proceedings pending resolution of the reexamination. [Dkt. 21]. The Court stayed this litigation and ordered Plaintiff to file regular status updates. [Dkt. 30] Throughout the 3-year pendency of the reexamination, Plaintiff filed regular status updates with the Court. [Dkts. 36, 38, 44, 45, 46, 48, and 49]. These status updates were filed with the Court's CM/ECF system, which provided notice to Defendant's counsel. Defendant's counsel provided notice to the Court of changes to Defendant's counsel during the pendency of the reexamination. [Dkt. 41].

On March 29, 2011, the USPTO issued a Reexamination Certificate, finally concluding the reexamination proceedings. Shortly thereafter, Plaintiff sought to reopen the litigation and began conducting good faith conferences with Defendant as required by L.R. 3.01(g). Defendant's counsel then informed Plaintiff that Defendant had dissolved, and that Defendant's counsel had no contact with Defendant. Defense counsel sought withdrawal, which Plaintiff did not oppose. [Dkts. 53, 55]. The Court granted the

motions to withdraw and directed Plaintiff to seek default or dismissal.

## Argument

### Default Judgment and Leave for Discovery

At no time during the pendency of the reexamination proceeding did Defendant make Plaintiff aware of its corporate restructuring. Nor did Defendant inform the Court. Only upon the reopening of this litigation did either the Court or Plaintiff learn of Defendant's purported disappearance. Defendant has essentially ignored its obligations to participate in this proceeding, and default judgment as to liability is appropriate.

Damages, however, have not been liquidated. Nor did the litigation proceed far enough for Plaintiff to gather relevant discovery from Defendant prior to the litigation being stayed. Defense counsel, in his motion to withdraw [Dkt. 55], indicates his understanding of the corporate makeup and the individuals involved in the purported dissolution of Defendant. Plaintiff now requests leave to conduct limited discovery related to Defendant's status, corporate structure, and damages for infringement of the '628 Patent on:

- Defendant's owner and president; and
- Hirsch International, LLC (and its related entities) the purported purchaser of Defendant

The purpose of this discovery will be to gather information relating to damages, including Defendant's sales during the relevant time period. Plaintiff respectfully requests 5 months to conduct this discovery, as Plaintiff expects some difficulty in gathering the needed information from the necessary individuals.

### Defendant's Counterclaims Should be Stricken

3

It is appropriate to strike a defendant's counterclaims, particularly in a patent infringement lawsuit. *See Area 55, Inc. v. Celeras, LLC*, slip op., 2011 WL 1375307 at \*\*2-3 (S.D. Cal. Apr. 11, 2011). Alternatively, because all well-pleaded allegations are deemed admitted in the case of a default judgment, Defendant's counterclaims seeking declarations of invalidity and non-infringement should be dismissed with prejudice. For example, if default judgment is entered against Defendant, Defendant will be deemed to admit that the '628 patent is valid, and that Defendant's activities constituted infringement. Accordingly, Plaintiff requests Defendant's counterclaims be stricken.

**Permanent Injunction**

Plaintiff also requests entry of a permanent injunction against Defendant. To the extent the Court grants a default judgment, Defendant will be deemed an infringer. An injunction is an appropriate remedy in patent infringement cases. *See* 35 U.S.C. § 283.

"[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and such discretion must be exercised consistent with the traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *eBay, Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 393 (2006). A patentee seeking a permanent injunction must demonstrate: (1) it has suffered irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) the balance of hardship between the plaintiff and defendant warrants an injunction; and (4) the public interest would not be disserved by an injunction. *Id*. Each of these factors warrants an injunction here.

Courts frequently consider the first two factors together. *See e.g. Acumed L.L.C. v. Stryker Corp.*, 551 F.3d 1323, 1327 (Fed. Cir. 2008); *Enpat, Inc. v. Budnic*, slip op.,

2011 WL 1196420 at **3-4 (M.D. Fla. Mar. 29, 2011). Here, damages will be inadequate to compensate Plaintiff for its loss. Defendant ignored this litigation and underwent some purported form of reorganization without regard to informing Plaintiff or the Court. Defendant's refusal to participate in this litigation further prejudices Plaintiff in that Plaintiff must now, with the Court's permission, attempt to gather necessary information from third-parties to this lawsuit (i.e. the entity or entities that acquired interests in Defendant). *See Enpat*, 2011 WL 1196420 at *4 ("Furthermore, an award of monetary damages would be inadequate here because Budnic's refusal to appear in the proceedings has prevented Enpat from discovering the full extent of damages it could recover from Budnic.") Indeed, the "essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent." *Acumed*, 551 F.3d at 1328 (citing 35 U.S.C. § 154(a)(1)).

Regarding the third factor – the balance of hardships – Defendant can not be heard to complain. It has ignored its obligations in this litigation, and by default will have admitted to infringement. On the other hand, Plaintiff has invested a considerable amount of time in resources in obtaining and enforcing the '628 Patent. It is hard to see any hardship to Defendant.

Regarding the public interest, "[t]he public has an interest in maintaining a strong patent system." *Tivo Inc. v. EchoStart Commc'ns Corp.*, 446 F. Supp. 2d 664, 670 (E.D. Tex. 2006). Here, the public interest would best be served by protecting Plaintiff's patent rights. Accordingly, Plaintiff respectfully requests entry of a permanent injunction. Exhibit A is a proposed permanent injunction for the Court's consideration.

## L.R. 3.01(g) Certification

Defendant is currently unrepresented, and thus Plaintiff is unable to confer concerning the requested relief.

July 1, 2011                    Respectfully submitted,

/s/ Woodrow Pollack
Michael J. Colitz, III, FBN: 164348
Woodrow H. Pollack, FBN: 26802
GrayRobinson, P.A.
201 N. Franklin St., Suite 2200
Tampa, FL 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
michael.colitz@gray-robinson.com
woodrow.pollack@gray-robinson.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2011 I originally caused the foregoing to be filed with the Court's CM/ECF system. I further certify that a copy of the foregoing has been sent via First Class U.S. Mail to:

U.S. Graphic Arts, Inc.
1901 E. 5th Street
Tempe, AZ 85281

I further certify that on July 5, 2011 I re-filed the foregoing with the Court's CM/ECF system pursuant to instructions from the Clerk of Court. I further certify that a copy of the foregoing has been sent via First Class U.S. Mail to the address listed above.

/s/ Woodrow Pollack
Attorney