IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DIRECT IMAGING SYSTEMS, INC.,
a Florida corporation,                          Case No. 8:05CV2224-TC24 TGW

       Plaintiff/Counter-Defendant,

v.

U.S. GRAPHIC ARTS, INC.,
an Arizona corporation, d/b/a
U.S. SCREEN PRINTING INSTITUTE,

       Defendant/Counter-Plaintiff.
_____/

### PLAINTIFF'S MOTION FOR ENTRY OF A FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION AND MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to this Court's Order allowing Defendant's counsel to withdraw [Dkt. 56], the

Clerk's Entry of Default [Dkt. 62], and Fed. R. Civ. P. 55(b)(2), Plaintiff moves the Court to

enter a final default judgment against Defendant U.S. Graphic Arts, Inc. for its failure to defend

itself.  Plaintiff also requests a permanent injunction be entered against Defendant.  Plaintiff

further moves to strike Defendant's counterclaims.   In support of this motion, Plaintiff states as

follows.

### I.        Procedural History

On December 6, 2005, Direct Imaging filed this patent-infringement lawsuit concerning

U.S. Patent No. 6,095,628 entitled "Apparatus for Ink Jet Printing."    Defendant appeared and

unsuccessfully sought dismissal for lack of personal jurisdiction.  [*See* Dkt. 12.]  Defendant then

filed an answer and counterclaim, asking for declarations that the '628 Patent was invalid and not

infringed.  [*See* Dkt. 15.]  Shortly thereafter, Defendant asked the U.S. Patent and Trademark

Office (USPTO) to reexamine the '628 Patent and asked this Court to stay these proceedings pending resolution of the reexamination. [*See* Dkt. 21.] The Court stayed this litigation and ordered Plaintiff to file regular status updates. [*See* Dkt. 30.] Throughout the 3-year pendency of the reexamination, Plaintiff filed regular status updates with the Court. [*See* Dkts. 36, 38, 44, 45, 46, 48, and 49.] These status updates were filed with the Court's CM/ECF system, which provided notice to Defendant's counsel. Defendant's counsel provided notice to the Court of changes to Defendant's counsel during the pendency of the reexamination. [*See* Dkt. 41.]

On March 29, 2011, the USPTO issued a Reexamination Certificate, finally concluding the reexamination proceedings. Shortly thereafter, Plaintiff sought to reopen the litigation and began conducting good faith conferences with Defendant as required by L.R. 3.01(g). Defendant's counsel then informed Plaintiff that Defendant had dissolved and that Defendant's counsel had no contact with Defendant. Defense counsel sought withdrawal, which Plaintiff did not oppose. [Dkts. 53, 55.] The Court granted the motions to withdraw and directed Plaintiff to seek default or dismissal. On July 13, 2011, the Clerk of Court entered default against the Defendant for failure to defend this action. [*See* Dkt. 62.] The Court permitted Plaintiff to conduct discovery regarding the extent of its damages and also ordered Plaintiff to seek entry of default judgment on or before December 1, 2011. [*See* Dkt. 59.] Plaintiff has conducted such discovery and now seeks entry of a final default judgment by way of this motion.

### II.    Legal Background

Rule 55(a), Federal Rules of Civil Procedure, provides "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," default judgment may be entered. *See also* Directv*, Inc. v. Griffin,* 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). "A

defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation and citation omitted).

In the present case, by virtue of its default, Defendant is deemed to have admitted the following allegations from the Complaint: that Plaintiff is the owner of U.S. Pat. 6,095,628 [Dkt. 4 at ¶7]; that Defendant infringed the claims of the '628 Patent by making, using, or selling infringing ink jet printing devices [*id.* at ¶8]; that Plaintiff suffered monetary damages as a result of such infringement [*id.* at ¶9]; that Plaintiff is entitled to a permanent injunction restraining Defendant from infringing the '628 Patent [*id.* at ¶A]; that any damage award be trebled under 35 U.S.C. § 284 as a result of Defendant's willful infringement [*id.* at ¶B]; and that Plaintiff be awarded its reasonable attorneys' fees [*id.* at ¶C].

### III.  Monetary Damages

Having admitted all the essential elements of a claim for willful patent infringement, this Court must now determine the amount of monetary damages. *See Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003). In determining a damage award, the Court may rely upon affidavits or documentary evidence to establish the proper amount of damages. *See Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). If the affidavit and documents are sufficient, the Court is not required to conduct an evidentiary hearing. *See DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 ( M.D. Ala. 2004). In accordance with 35 U.S.C. §284, a prevailing patentee is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty." A reasonable royalty can be calculated from an established royalty, the

infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer based on the factors in *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). *See Wordtech Systems, Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010).

As noted in the Declaration of Andrew D. Romines[1], Plaintiff has an established royalty by which to compute a reasonable royalty in this case. Furthermore, Plaintiff has taken the deposition of Scott Fresener, who is the former CEO of U.S. Graphic Arts, Inc. Mr. Fresener has estimated both the number of infringing products that were sold and the approximate revenue received from these sales. Mr. Fresener testified that the sales at issue took place between 2004 and 2009, well after the issuance of the '628 Patent. As more fully explained in the Romines Declaration, Plaintiff is entitled to a reasonable royalty of $1,000,000 as a result of Defendant's infringing activities. As pled in the Complaint, Plaintiff is entitled to an award three times this amount in accordance with 35 U.S.C. § 284.

Thus, Plaintiff seeks entry of a final default judgment against U.S. Graphic Arts, Inc. for monetary damages in the amount of $3,000,000.

## IV.     Attorneys' Fees

The patent statute authorizes the Court "in exceptional cases" to award "reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. While the award of fees is discretionary, willful infringement is a sufficient basis for classifying the case as "exceptional." *See Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990). In this case, by virtue of its default, Defendant has admitted the infringement was willful. The purpose of the attorney fees statute has been described by the Federal Circuit as "to compensate the prevailing party for its

---

[1] The Declaration of Andrew D. Romines contains sensitive business information and Plaintiff has filed a concurrent motion to file it under seal pursuant to M.D. Fla. LR 1.09(a).

monetary outlays in the prosecution or defense of the suit." *See Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983).

Here, the law firm of Gray Robinson, P.A. has expended a total of 78.6 hours on this matter since seeking to reopen the litigation on May 4, 2011. Although different attorneys with differing billing rates worked on this matter, the blended hourly rate for all work performed was approximately $279.00 Thus, the total legal fees amount to approximately $21,929. These fees are believed to be reasonable given the experience level of the attorneys working on the matter and the tasks involved in reopening the litigation, reviewing the patent and infringement contentions following the re-examination, conducting depositions, and moving for entry of a default judgment. To the extent the Court finds it necessary, Plaintiff can provide a more detailed declaration regarding the nature of the work done and the reasonableness of the fees.

Thus, Plaintiff seeks entry of a final judgment against U.S. Graphic Arts, Inc. for attorneys' fees in the amount of $21,929.

## V.      Permanent Injunction

Plaintiff also requests entry of a permanent injunction against Defendant. To the extent the Court grants a default judgment, Defendant will be deemed an infringer. An injunction is an appropriate remedy in patent infringement cases. *See* 35 U.S.C. § 283. By its default, Defendant has admitted that an injunction is warranted. [*See* Dkt. 4 at ¶A.]

"[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and such discretion must be exercised consistent with the traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006). A patentee seeking a permanent injunction must demonstrate: (1) it has suffered irreparable injury; (2) remedies

available at law are inadequate to compensate for that injury; (3) the balance of hardship between the plaintiff and defendant warrants an injunction; and (4) the public interest would not be disserved by an injunction. *Id.* Each of these factors warrants an injunction here.

Courts frequently consider the first two factors together. *See, e.g., Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327 (Fed. Cir. 2008); *Enpat, Inc. v. Budnic*, slip op., 2011 WL 1196420 at **3-4 (M.D. Fla. Mar. 29, 2011). Here, damages will be inadequate to compensate Plaintiff for its loss. Defendant ignored this litigation and underwent some purported form of reorganization without regard to informing Plaintiff or the Court. *See Enpat*, 2011 WL 1196420 at *4 ("Furthermore, an award of monetary damages would be inadequate here because Budnic's refusal to appear in the proceedings has prevented Enpat from discovering the full extent of damages it could recover from Budnic.") Indeed, the "essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent." *Acumed*, 551 F.3d at 1328 (citing 35 U.S.C. § 154(a)(1)). Furthermore, by its default, Defendant admitted that Plaintiff has suffered irreparable injury and has not adequate remedy at law. [See Dkt. 4 at ¶¶10-11.]

Regarding the third factor – the balance of hardships – Defendant can not be heard to complain. It has ignored its obligations in this litigation and, by default, will have admitted to infringement. On the other hand, Plaintiff has invested a considerable amount of time in resources in obtaining and enforcing the '628 Patent. It is hard to see any hardship to Defendant.

Regarding the public interest, "[t]he public has an interest in maintaining a strong patent system." *TiVo Inc. v. EchoStar Commc'ns Corp.*, 446 F. Supp. 2d 664, 670 (E.D. Tex. 2006). Here, the public interest would best be served by protecting Plaintiff's patent rights.

Thus, Plaintiff respectfully requests entry of a permanent injunction against U.S. Graphic Arts, Inc.

## VI.     Defendant's Counterclaims Should be Stricken

It is appropriate to strike a defendant's counterclaims, particularly in a patent infringement lawsuit. *See Area 55, Inc. v. Celeras LLC*, slip op., 2011 WL 1375307 at **2-3 (S.D. Cal. Apr. 11, 2011). Alternatively, because all well-pled allegations are deemed admitted in the case of a default judgment, Defendant's counterclaims seeking declarations of invalidity and non-infringement should be dismissed with prejudice. For example, if default judgment is entered against Defendant, Defendant will be deemed to admit that the '628 Patent is valid and that Defendant's activities constituted infringement. Accordingly, Plaintiff requests Defendant's counterclaims be stricken.

## VII.    Conclusion

For the foregoing reasons, Plaintiff seeks entry of a Final Default Judgment against U.S. Graphic Arts, Inc. for both damages and attorneys fees in the amount of $3,021,929. Plaintiff further seeks entry of a permanent injunction preventing U.S. Graphic Arts, Inc. from any further acts of infringement. Finally, Plaintiff seeks an order striking any and all counterclaims.

## L.R. 3.01(g) Certification

Defendant is currently unrepresented, and thus Plaintiff is unable to confer concerning the requested relief.

Dated: December 1, 2011

Respectfully submitted,

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III, FBN: 164348
Woodrow H. Pollack, FBN: 26802
GrayRobinson, P.A.
201 N. Franklin St., Suite 2200
Tampa, FL 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
michael.colitz@gray-robinson.com
woodrow.pollack@gray-robinson.com
ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2011 I originally caused the foregoing to be filed with the Court's CM/ECF system. I further certify that a copy of the foregoing has been sent via First Class U.S. Mail to:

U.S. Graphic Arts, Inc.
1901 E. 5th Street
Tempe, AZ 85281

*/s/ Michael J. Colitz, III*
Attorney

# 2641319 v5